## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| JESSE MICHAEL WALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-3342 (ABJ) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on defendant District of Columbia's Motion to Dismiss plaintiff's Amended Complaint (ECF No. 12) and plaintiff's Motion for Summary Judgment (ECF No. 25). For the reasons discussed below, the Court will **GRANT** the District's motion and **DISMISS** the amended complaint in its entirety. The termination of the case will render plaintiff's summary judgment motion to be moot.

## I.    BACKGROUND

Plaintiff describes himself as a "United States, and US Treaty Holder." Am. Compl. (ECF No. 6) ¶ 4. As such, he considers himself beyond the reach of the Superior Court of the District of Columbia. *See id.*; *see also id.* ¶¶ 18, 28, 33-36, 42-43, 45. Nevertheless, it appears that the Superior Court issued a Civil Protection Order ("CPO") against him, held criminal contempt proceedings following his violation of the CPO, accepted his guilty plea, and ordered his detention.

*See id.* ¶¶ 14-15, 20, 24, 38-39.[1]

Plaintiff has sued the District of Columbia, the Attorney General of the District of Columbia, St. Elizabeth's Hospital and one of its employees, the Chief Judge, two Associate Judges and one Magistrate Judge of the Superior Court, the United States Marshal for the Superior Court, and the Court Services and Offender Supervision Agency.  According to plaintiff, defendants retaliated against him for having "reported sex crimes, libel, slander, and defamation, on January 24th, 2023."  *Id.* ¶ 13.

One alleged form of retaliation was the CPO issued by a Magistrate Judge on May 4, 2023, *see id.* ¶¶ 14-15, 20 (referring to 2023 CPO 0001500), and extended by an Associate Judge on May 8, 2023.  *See id.* ¶ 16.  Another alleged retaliation event was the entry of a default judgment against plaintiff on May 23, 2023.  *See id.* ¶ 18.  These acts also amounted to "judicial misconduct" in plaintiff's view, *see id.* ¶¶ 13, 18, as were the acts of a second Magistrate Judge who "did not give bail amount," *id.* ¶ 32, and the Associate Judge who presided over the criminal contempt proceedings.  *See id.* ¶¶ 24-25, 28.

Plaintiff alleges that defendants defamed him, apparently by way of court documents submitted to the Superior Court by the Office of the Attorney General in support of a petition for the CPO, *see, e.g., id.* ¶ 23, a witness's testimony, and information included in Superior Court orders, *see id.* ¶ 20, claiming plaintiff had committed criminal offenses.  *See id.* ¶¶ 20-21.  As a

---

[1]    The Court takes judicial notice of the Superior Court's public docket of the criminal contempt proceedings.  *See In re Wall*, No. 2023 CCC 000027 (D.C. Super. Ct. filed June 23, 2023).  It appears that, over the course of criminal contempt proceedings, the Superior Court ordered a mental competency examination, found plaintiff incompetent to stand trial, ordered plaintiff's transfer to St. Elizabeth's Hospital for competency restoration and subsequent transfer to the D.C. Jail, accepted plaintiff's guilty plea and waiver of trial, entered a judgment and commitment order, and sentenced plaintiff to a term of imprisonment.

result, plaintiff allegedly lost "possible contract opportunities [worth] billions of dollars" with the federal government. *Id*. ¶ 24.

In addition, plaintiff faults other individuals and agencies involved in his arrest, supervision, conviction and detention. For example, plaintiff alleges that United States Marshals arrested him without a warrant, *see id*. ¶ 29, that a doctor with the District's Department of Behavioral Health "made erroneous conclusions," *id*. ¶ 35, presumably about plaintiff's competence to stand trial, and that the Court Services and Offender Supervision Agency "coerced Plaintiff by threats." *Id*. ¶ 41.

In this action, plaintiff plainly challenges the authority of the Superior Court. *See, e.g., id*. ¶¶ 18, 28, 42-43. He demands an order to "vacate . . . sentence and dismiss the charges with full prejudice . . . and stay . . . prosecution to sovereign from [the Superior Court]." *Id*. ¶ 45. Plaintiff demands a judgment in his favor and an award of $60 million, among other relief. *See id*. ¶ 1; *see also id*. at 9 (page number designated by CM/ECF).

## II.    LEGAL STANDARDS

### A.    Dismissal Under Rule 12(b)(6)

The District of Columbia ("District" or "defendant") moves to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to state a claim for which relief may be granted. *See generally* Def. District of Columbia's Mem. of P. & A. in Support of its Mot. to Dismiss Pl.'s Am. Compl. (ECF No. 12, "Def.'s Mem.") at 5-9 (page numbers designated by CM/ECF).

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per

curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Wood v. Moss*, 572 U.S. 744, 757–58 (2014). A facially plausible claim pleads facts that are not "'merely consistent with' a defendant's liability" but that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556); *see Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) ("Plausibility requires more than a sheer possibility that a defendant has acted unlawfully[.]").

The Court must consider the entire complaint, with all factual allegations accepted as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555; *see also Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1265 (D.C. Cir. 2019). The Court cannot, however, "assume the truth of legal conclusions, nor [does it] 'accept inferences that are unsupported by the facts set out in the complaint.'" *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (alteration in original) (internal citation omitted) (quoting *Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007)); *see Iqbal*, 556 U.S. at 681 (stating that conclusory allegations are "not entitled to be assumed true").

In applying these standards to pleadings filed by *pro se* litigants, the Court must consider the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Johnson v. District of Columbia*, 927 F.3d 539, 541 (D.C. Cir. 2019) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (internal quotation marks omitted)). In addition, a *pro se* complaint must "'be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir.

[4]

2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted)).   Nonetheless, a *pro se* plaintiff is not excused from complying with applicable procedural rules and "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'"  *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. 678); *see also Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011).

### B.    Dismissal Under Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Because federal courts are "forbidden . . . from acting beyond [their] authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), judges have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for [the Court] to hear each dispute.'"  *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992)).

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp*., 217 F. Supp. 2d 59, 63 (D.D.C. 2002).  While the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged,'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)), it need not limit itself to considering the allegations of a complaint, and instead "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case." *Scolaro v. District of Columbia Bd. of Elections &*

*Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert*, 974 F.2d at 197); *see also Jerome*

*Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## III.    DISCUSSION

### A.    Defendant District of Columbia's Motion to Dismiss[2]

The amended complaint consists of eight counts, and the District of Columbia moves to

dismiss Counts I, II, IV, VII and VIII.  *See* Def.'s Mem. at 3.

### 1.    Retaliation Claim and 42 U.S.C. § 12203 (Count I)

Count I invokes anti-retaliation and anti-coercion sections of the Americans with

Disabilities Act ("ADA"), which provide:

> (a) Retaliation
>
> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> (b) Interference, coercion, or intimidation
>
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42 U.S.C. § 12203.  The ADA defines the term "disability" as follows:

> The term ''disability'' means, with respect to an individual—
>
> (A)    a physical or mental impairment that substantially limits one or more major life activities of such individual;
> (B)    a record of such an impairment; or
> (C)    being regarded as having such an impairment[.]

---

[2]    Plaintiff refers to the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671-80, in his complaint and opposition to the District's motion.  *See* Am. Compl. ¶ 1; Pl.'s Opp'n at 4.  Because the Court construes the complaint, as amended, as one bringing claims against District of Columbia defendants, the FTCA does not apply in this case.

42 U.S.C. § 12102(1).

The District moves to dismiss Count I for two reasons: plaintiff "has not alleged that he suffers from a disability within the meaning of the ADA," and he "fails to plead facts showing he was engaged in protected activity or opposed practices made unlawful by the ADA, that the District took an adverse activity against him, or that there as a causal connection between the two." Def.'s Mem. at 6.

Plaintiff identifies "GAD," which he does not describe further or indicate that it is part of any formal diagnosis he has received, as "an ADA recognized set of symptoms for his disorder." Pl.'s Opp'n to Defs.' Mot. to Dismiss (ECF No. 24, "Pl.'s Opp'n") at 1.  He also asserts that "retaliation can occur before any 'protected activity' occurs. *Id.*  He appears to identify "filing a claim of libel and slander" a form of protected activity, *id.*, and issuance of the CPO an act of retaliation. *Id.* at 2.  This response, to the extent it is intelligible, falls far short of a plausible ADA claim.  While plaintiff may have a disability, he fails to allege facts showing, for example, he has a mental impairment that substantially limits a major life activity, or that any Superior Court proceeding occurred because plaintiff has that disability, or that any defendant interfered in any way with plaintiff's exercise of any right under the ADA.

## 2.    Defamation Claim and 28 U.S.C. § 4101(1) (Count VII)

The District argues that "[d]efamation is a matter of state law that does not implicate any federal question." Def.'s Mem. at 6, and that the complaint alleges no facts showing that 28 U.S.C. § 4101(1) applies.  *See id.* at 7.  The Court concurs.

The statute on which plaintiff relies defines the term "defamation" with respect to the recognition of foreign defamation judgments in domestic courts.  *See* 28 U.S.C. § 4102.  Plaintiff fails to allege facts showing that these federal statutes are applicable here.

[7]

There is no defamation claim under federal law. *See Jean-Baptiste v. Booz Allen Hamilton, Inc.*, 630 F. Supp. 3d 88, 94 (D.D.C. 2022) (concluding that 28 U.S.C. § 4101 "does not create a federal cause of action for domestic defamation suits"), *aff'd in part*, No. 22-7128, 2023 WL 2190628 (D.C. Cir. Feb. 22, 2023), and *rev'd and remanded on other grounds*, No. 22-7128, 2023 WL 3835956 (D.C. Cir. June 2, 2023) (per curiam). Rather, defamation is a common law claim arising under District of Columbia law, and absent factual allegations demonstrating the existence of diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(1), the Court lacks federal question jurisdiction over it. *See Shafi v. McFadden*, No. 1:05-cv-1268 (RWR), 2006 WL 1722327, at *1 (D.D.C. June 21, 2006); *Mays v. Meeks*, No. 1:05-cv-2116 (CKK), 2006 WL 890671, at *3 (D.D.C. Apr. 5, 2006).

### 3.    Claims under 18 U.S.C. §§ 2, 1513, 2241, and 2381 (Counts IV, II, III and VIII)

The District correctly argues that plaintiff's claims under 18 U.S.C. §§ 2, 1513, and 2381 must be dismissed because "[c]riminal codes do not provide a basis for a private civil action." Def.'s Mm. at 7.

None of the statutes on which plaintiff relies establishes a private cause of action. *See Eslick v. Washington*, No. 2:21-cv-0282-TOR, 2022 WL 16826164, at *4 (E.D. Wash. Nov. 8, 2022) ("Section 2 is a general criminal statute establishing criminal liability for those who act as principals in the commission of a federal crime," and absent "legislative intent indicating 18 U.S.C. § 2 could be used to assert a private cause of action . . . Defendants are entitled to summary judgment on this claim as a matter of law."); *Barrett v. Biden*, No. 1:22-cv-02823 (UNA), 2022 WL 16528195, at *2 (D.D.C. Oct. 25, 2022) ("[P]laintiff attempts to bring a claim for treason pursuant to 18 U.S.C. § 2381, but that is a criminal statute which does not create a private right of action and, therefore, cannot be relied upon by a civil plaintiff to state a claim for relief.") (citing

cases); *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 262 n.5 (D.D.C. 2013) ("[T]o the extent that the plaintiff intends to raise a claim pursuant to [18 U.S.C.] § 1513, such a claim cannot be maintained."); *Ghost Bear v. South Dakota Dep't of Corr.*, No. 11-cv-5051, 2011 WL 3608569, at *2 (D.S.D. 2011) (stating there is no private right of redress or private suit for a violation of 18 U.S.C. § 1513); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538–39 (D. Del.) (recognizing no private right of action under 18 U.S.C. §§ 1512, 1513), *aff'd*, 350 F. App'x 605 (3d Cir. 2009) (per curiam).

In the absence of a statute creating a private cause of action, the Supreme Court is "quite reluctant to infer a private right of action from a criminal prohibition alone," and it "ha[s] not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions." *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994).

The amended complaint relies on two additional criminal statutes. Plaintiff cites 18 U.S.C. § 208 as a basis for this Court's jurisdiction, *see* Am. Compl. ¶ 2, and in Count III, plaintiff purports to bring a claim under 18 U.S.C. § 2241. *See* Am. Compl. ¶¶ 57-61. Although the District does not mention these statutes in its motion, its rationale for dismissal of civil claims based on criminal statutes applies to them as well. *See Saleh v. Titan Corp.*, 580 F.3d 1, 13 (D.C. Cir. 2009) ("Congress has also adopted criminal statutes that would apply . . . had [defendants] committed acts of torture, *see* 18 U.S.C. §§ 2340A, 2241, 3261, but Congress has not created a corresponding tort cause of action."); *Jordan v. Cicchi*, No. 08-cv-6088 AET, 2010 WL 848809, at *12 (D.N.J. Mar. 9, 2010) (noting that the "White Slave Traffic Act, 18 U.S.C. 2421, . . . and the related sexual abuse statutes at 18 U.S.C. §§ 2241, 2242, 2244, are criminal statutes and do not give rise to any private right of action"), *aff'd in part, vacated in part on other grounds*, 428 F. App'x 195 (3d Cir.

2011) (per curiam); *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 5 n.3 (D.D.C. 1995) (finding that 18 U.S.C. § 208 (acts affecting personal financial interest) provides no private right of acon), *aff'd*, 76 F.3d 1232 (D.C. Cir. 1996).

### B.  Claims Against Superior Court Judges

#### 1.  Claim Under 28 U.S.C. § 351 (Count V)

In Count V, plaintiff faults the Chief Judge of the Superior Court for her failure to force the recusal of the judge presiding over the criminal contempt proceedings.  *See* Am. Compl. ¶¶ 67-68.  He purports to bring a claim under 28 U.S.C. § 351, which authorizes complaints against federal circuit, district, bankruptcy, and magistrate judges "alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such judge is unable to discharge all the duties of office by reason of mental or physical disability."  28 U.S.C. § 351(a).  This statute pertains to federal judges, not Superior Court judges, and even if it applied to defendants in this case, the statute does not create a private right of action.  *See Walker v. Walker*, No. 1:23-cv-488, 2023 WL 3956549, at *2 (W.D. Mich. May 22, 2023), *report and recommendation adopted*, No. 1:23-cv-488, 2023 WL 3949867 (W.D. Mich. June 12, 2023); *Hueter v. Kruse*, No. 1:20-cv-3686, 2021 WL 3052034, at *2 (D.D.C. July 2021) (noting that Section 351 "provides a procedure by which persons 'may file with the clerk of the court of appeals for the circuit a written complaint' about a federal judge's conduct" and "does not create a private cause of action").

### 2.    Claim Under 28 U.S.C. § 453 (Count VI)

The Court construes Count VI as a claim that defendant judges violated their oath of office, *see* Am. Compl. ¶¶ 71-72, set forth in 28 U.S.C. § 453.[3]  There is no private right of action under 28 U.S.C. § 453 either.  *See Butler v. City of Tampa Fla.*, No. 8:22-cv-606-MSS-SPF, 2022 WL 3099017, at *3 (M.D. Fla. May 11, 2022) ("Plaintiff lists 28 U.S.C. § 453, which merely states the oath of U.S. justices and judges.  This does not create a private right of action against federal judges."), *report and recommendation adopted sub nom. Butler v. City of Tampa*, No. 8:22-cv-606-MSS-SPF, 2022 WL 3098965 (M.D. Fla. May 31, 2022), *adhered to on recons.*, No. 8:22-cv-606-MSS-SPF, 2022 WL 9274243 (M.D. Fla. Sept. 7, 2022), *appeal dismissed*, No. 22-13373-J, 2022 WL 19396510 (11th Cir. Dec. 15, 2022), and *appeal dismissed*, No. 23-10379-H, 2023 WL 3243474 (11th Cir. Mar. 9, 2023); *Lloyd v. Pokorny*, No. 2:20-cv-2928, 2020 WL 4436350, at *8 (S.D. Ohio Aug. 3, 2020) (dismissing claim under 28 U.S.C. § 453 "for there is no private right of action allowing suit under th[is] la[w]"); *Simon v. Hollis*, No. 97-cv-1164-JTM, 1997 WL 542721, at *6 (D. Kan. Aug. 26, 1997) ("Statutes which require state or federal officials to take oaths of office do not create a private cause of action for acting contrary to the Constitution."), *aff'd sub nom. Simon v. N. Farms, Inc.*, 139 F.3d 912 (10th Cir. 1998); *Lewis v. Green*, 629 F. Supp. 546, 554 n.14 (D.D.C. 1986) ("Neither Article VI, clause 3, which mandates that federal judges swear

---

[3]      "Each judge of the Superior Court, when appointed shall take the oath prescribed for judges of courts of the United States."  D.C. Code § 11-905.  The oath states:

> I, ___ ___, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ___ under the Constitution and laws of the United States.  So help me God.

28 U.S.C. § 453.

an oath of allegiance to the Constitution, nor 28 U.S.C. § 453, which sets forth that oath, creates a substantive cause of action against federal judges for violating that oath by acting contrary to the Constitution.").

### 3.    Federal District Court Jurisdiction and Judicial Immunity

At bottom, plaintiff essentially is attacking Associate and Magistrate Judges of the Superior Court for positions taken, rulings made, and conduct occurring in the course of performing their judicial duties, granting or extending protection orders, conducting criminal contempt proceedings, and effecting plaintiff's detention. "This federal district court lacks jurisdiction to review another court's decisions and order it to take any action." *Phillips v. Office of Attorney General for the District of Columbia*, No. 1:22-cv-3810 (UNA), 2023 WL 1070564, at *1 (D.D.C. Jan. 26, 2023) (citing *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002)) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court."); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[ ] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis*, 629 F. Supp. at 553). Consequently, this Court cannot review or overrule any ruling of the Superior Court.

In addition, the defendant judges "are entitled to absolute immunity from suits predicated on actions taken in their official capacities, unless such actions 'are taken in the complete absence of all jurisdiction.'" *Miller v. Marriott Int'l LLC*, 378 F. Supp. 3d 1, 7 (D.D.C. 2019) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993)), *aff'd*, No. 19-7053, 2019 WL 6492628 (D.C. Cir. Nov. 15, 2019); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 134–35 (D.D.C. 2013). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).

[12]

## IV.    CONCLUSION

The amended complaint fails to state claims upon which relief can be granted, and the District's motion to dismiss is GRANTED.  The Court, therefore, DISMISSES the complaint and this civil action, and DENIES plaintiff's summary judgment motion as moot.  An Order is issued separately.


DATE: March 31, 2025                         /s/
                                             AMY BERMAN JACKSON
                                             United States District Judge